IN THE

UNITED STATES DISTRICT COURT

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 26 2018
David J. Bradley, Clerk of Court

Earnest Blueitt Jr.,

      Plaintiff

v.

Bryan Collier, in his official capacity

Kevin Belt, TDCJ Jr. Warden, CID Goree Unit

Jamie Williams, Sir. Practice Manager

DA Ruby, Nurse Practitioner

Goldie Jones, Certified Medication Aid,

      Defendants

MEMORANDUM
---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Come now Earnest Blueitt Jr. (plaintiff) and brings his application for § 1983 complaint and the plaintiff will show the following:

JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (Federal Questions) § 1343 (Civil Rights), and § 2201 (Declaratory Act). Venue is proper in this Court, pursuant to 28 U.S.C. § 1391

i.

(b)(2) because a substantial part of the events or ommissions giving rise to the claim occurred in this district.

## PARTIES

**Earnest Blueitt**, Plaintiff

**Bryan Collier**, TDCJ Executive Director, **Defendant**

**Kevin Belt**, TDCJ Jr. Warden CID Goree Unit, **Defendant**

**Jamie Williams**, Sir. Practice Manager, **Defendant**

**DA Ruby**, Nurse Practitioner, **Defendant**

**Goldie Jones**, Certified Medication Aid, **Defendant**

## STATEMENT OF THE CASE

The plaintiff Earnest Blueitt Jr., is a TDCJ-ID offender serving 3 years who complained in the State about medical attention and deliberate indifference. On May 24,2012 a comparison report under(MR# 350445N) displayed that there is a plate and screws that immobilize a distal fibula fracture in his right ankle, see Exhibit(A). Final results was givin on June 21,2012, see Exhibit(B) pages 1 thru 5.
The plaintiff referred his complaint to PREFERRED IMAGING, who gave CLINICAL HISTORY, TECHNIQUE, FINDINGS and IMPRESSION on July 10,2017, see Exhibit (G). On June 21,2018 the plaintiff received from the Texas Department of Criminal Justice Health Summary for Classification Work Assignment/Restrictions "No lifting more than 25 lbs", "Lower bunk only", No climbing", M EXT Hrs.", No walking on wet uneven surfaces" , No tempeture extremes and No humidity extremes, see Exhibit

ii.

TABLE OF CONTENTS

JURISDICTION AND VENUE ................................. i

INDEX OF AUTHORITIES ................................... 2

PARTIES ............................................... ii

STATEMENT OF THE CASE ............................... ii-3

BACKGROUND .......................................... 3-4

PLRA REQUIREMENTS ................................... 4-5

LEGAL AUTHORITIES ................................... 5-8

CONCLUSION .......................................... 8-9

PRAYER FOR RELIEF ..................................... 9

Appendices are seperately attached.

## LEGAL AUTHORITIES

Tillery v. Quen, 719 F. Supp. 1256, 1308 (W.D. Pa. 1989), affd,
907 F.2d 418 (3d Cir. 1990) .................................9

Estelle v. Gamble, 429 U.S. 97, 104 (1976)..................7

Texas Government Annoted 501.151 (a),(b) and (c)..........6,7

<u>U.S. Constitutions</u>

Eight Amendment .......................................7,9,10

Eleventh amendment .........................................6

(C). Plaintiff filed a Step 1 grievance March 25,2018 complaining about medical disregarding medical attention concerning the pain he was experiencing in his right ankle and having to work against medical restrictions. Jamie Williams (Sr. Practice Manager's) disposition was that Medical did'nt have to make any changes in his medical restrictions on April 13,2018, see Exhibit (D). Plaintiff filed his Step 1 grievance April 25,2018, dissatisfied with the response at Step 1 and this complaint was exhausted May 3,2018.

I.

Background:

The plaintiff Earnest Blueitt Jr. a Texas state inmate incarcerated on the CID Goree Unit, who has exhausted his remedies in the state with no prevail to obtain adequate medical care. The plaintiff contends he has complained of unprovided medical attention of his shoulders where he was handcuffed behind his back and lifted off the ground with both arms, he has complained of the pain he suffers of a plate and multiple screws immobilized of a distal fibula fracture in his right ankle, and the problems he has with high blood pressure that has resulted in kidney problems from the medication prescribed from Health Services.

On March 25,2018 the plaintiff complained on a Step 1 grievance that Health Services on 3/19/18 that he was having pain in his right ankle, so the nurse practitioner Ms. Ruby scheduled him for x-rays on 3/21/18. After the x-rays exhibite steel pins and screws fastened to his ankle she interviewed him with her rendition of an interrogation asking him "how did he plan to provide for his family and self if he could'nt work his new TDCJ-ID job assignment in the laundry department", see Exhibit (D).

He further complained about the temperture extremes that he was experiencing, dizzy spells due to the heat and the smell of the natural gas from the dryers machines and Ms. Ruby stated " it Texas......its

3.

gonna be hot". The plaintiff has diligently complained about the deliberate indifferences by both medical and the institutional job assigned by the Jr. Warden Kevin Belt that conflicts with his medical restrictions. The plaintiff further complained on Step 2 grievance that Jamie Williams miscontrued his complaint at Step 1. The plaintiff has since suffered side effects from the prescribed medication for high blood pressure, pain and suffering from Health Service neglect of treatment for his shoulder injury and pain and suffering from the neglect resolution required for the extreme work assignment against his medical retrictions, see Exhibits (C) and (E).

## II.

**PLRA Requirements:**

The PLRA requires that prisoners exhaust all available administrative remedies prior to challenging prison conditions under § 1983. Further the PLRA allows a defendant to delay replying to a complaint until the courts orders a reply based on a finding that the plaintiff has a reasonable opportunity to prevail on the merits.

Other provision of the PLRA revise judicial procedure for claims filed by prisoners. The statute requires, to the extent practicable, that pretrial proceedings in § 1983 cases be conducted with telecommunications technology to prevent removal of the prisoner from the facility. It also allows hearings to be conducted at the prison with counsel participating through telecommunications technology, if practicable.

Courts may impose monetary liability under § 1983 only against persons responsible for the deprivation of rights secured by Constitution and federal law. A State is not a "person" within the meaning of § 1983.

4.

Furthermore, a suit against a state official in hi or her official capacity is "no different from a suit against the State", and under the Eleventh Amendment a plaintiff can win only injunctive relief against such defendants. However, state officials can be sued in their individual capacities (as opposed to official capacities) for monetary damages.

### III.

**Legal Auhorities:**

**Texas Government Annotated 501.151 Complaints:**
(a) The committee shall maintain a file on each written complaint filed by a member of the general public. The file must include:
(1) the name of the person that filed the complaint;
(2) the date the complaint is received by the committee;
(3) the subject matter of the complaint;
(4) the name of each person contacted in relation to the complaint;
(5) a summary of the results of the review or investigation of the complaint and
(6) an explanation of the reason the file was closed, if the committee closed the file without taking action other than to investigate the complaint.
(b) The committee shall make information available describing its procedures for the complaint investigation and resolution.
(c) The committee at least quarterly until final disposition of the complaint, shall notify the person filing the complaint and each

person who is a subject of the complaint of the status of investigation unless the notice would jeopardize an undercover investigation. On March 25, 2018 the plaintiff Earnest Blueitt Jr. filed an complaint with Health Services about the medical restrictions he was given and how the Institutional Classification Committee was working him against his medical restrictions, see Exhibit (C) and (E). Jamie Williams, the Sr. Practice Manager miscontrued the plaintiff's complaint as if he was requesting more restrictions or a change of retrictions. She concluded that her investigation per supervisors advised her that the plaintiff is able to sit as needed during the course of the job. The supervisors that she is speaking of are the Unit Laundry Captain and the Unit Jr. Warden Kevin Belt. As superintendent at the CID Goree Unit the warden must establish an Inmate Liaison Committee (ILC).

This committee's goal is to promote the accurate distribution and exchange of information. The ILC must discuss the prisoner's general welfare with prison officials.

The Eight Amendment protects the plaintiff's rights to be free from cruel and unusual punishment. The U.S. Supreme Court has decided that failing to provide adequate medical care to prisoners violates this amendment. In 1976, the Court expained in Estelle v. Gamble that "deliberate indifference" —— purposely ignoring the "serious medical needs" of a prisoner —— amounts to "cruel and unusual punishment" forbidden by the Eight Amendment.

In addition, the Supreme Court ruled that claims for violation of the right to medical care have an objective component and a subjective component. A prisoner must first prove that the harm was "sufficiently

serious" (the objective component). The prisoner must also show that the prison official was responsible for the harm, knew and ignored "an excessive risk to [the] inmate['s] health or safety" (the subjective component). However, the medical care that the prisoner receive should meet an acceptable standard of treatment and care in terms of mordern medicine and technology and current beliefs about human decency.

On August 28,2018, Plaintiff was scheduled for cronic care lab, on August 31,2018, Plaintiff requested medical assistance for shoulder pain, and Health Service (Goldie Jones a Certified Madication Aid), refused medical assistance stating that the plaintiff's problem has previously been addressed and refused him to see the Nurse Practitioner Ms. Ruby. On several occassions Goldie Jones has intercepted and interferred with the plaintiff's request for medical assistance and appointments.

On August 5,2018 the plaintiff was scheluled for a lab appointment because of abnormal kidneys. On August 28,2018 the plaintiff was seen by DA Ruby, where she gave the diagnosis of the nature of his abnormal kidneys. The plaintiff is a cronic care patiant with conditions of Highblood Pressure, Fractured Right Ankle, Dislocated Shoulders, and because of the medication he was prescribed for high blood pressure he suffers problems with his kidneys. DA Ruby(Nurse Practitioner) presribed Metroprol used to relax his blood vessels and to slow down his heart rate to improve likelihood of a heat attack/ also used to treat migranes and movement disorders.

From taking this medication the plaintiff has experienced dizziness, tiredness, depression, stamach pain, constipation, runny nose, seelling of his hands and feet, weight gain and heart beat.

7.

The plaintiff was prescribed Hydrochlorthizide—— for high blood pressure, and the plaintiff has suffered joint pain, a rash, weight gain, yellow eyes/skin, sore throat, shortless of breath and chest pains.

The plaintiff was prescribed Gemfibrizil—— for chlolestroel to lower lower the risk of heart attack and stroke. Since taking this medication the plaintiff has suffered the side effects of dizziness, drousiness, diarrehea, stomach pain and impotence.

Since the kidley appointment she has upgraded the Lisinopril (for high blood pressure), from 10mm to 40mm.

The Plaintiff has complained to medical that his blood pressure is high because of anxiety, where he constantly weary about welfare of his young son's health condition with seizures. He was ignored by both the Phych Physician as well as Ms. Ruby and placed on the above medication that has serious ly damaged his kidneys.

## IV.

Conclusion:

Courts are likely to respect the opinions of prison medical staff who have made "informed" medical judgments or decisions. But, the court may find an informed judgment was made, allowing for the Eight Amendment Claim. A jugment may not be informed if, in response to a prisoner's medical condition, order diagnostic test, send the prisoner to a specialist, or consult the prisoner's medical records before stopping medication. An "UNINFORMED" decision may be found to be "deliberately indifferent", see Tillery v. Owens, 719 F. Supp. 1256, 1308 (W.D. Pa. 1989) affd, 907 F.2d 418 (3d CIR. 1990)(holding that if an informed judgment has not been made, the court may find an 8th Amendment Claim). The 8th Amendment protects the Plaintiff from cruel

-9-

and unusual punishment. **U.S. Const. amend. VIII** (Nor [shall] cruel and unusual punishment [be] inflicted).

PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** the plantiff Earnest Blueitt Jr. prays this Honoable Court grants monetary relief.

Respectfully submitted

*[signature]*