United States District Court
Southern District of Texas
**ENTERED**
March 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Earnest Blueitt, Jr., § § Plaintiff, § versus § Bryan Collier, et al., § § Defendants. § | Civil Action H-18-4464 |

## Order Granting Motion to Dismiss

Earnest Blueitt, Jr., complains that the defendants are deliberately indifferent to his serious medical needs by assigning him a laundry room position requiring more exertion than his medical restrictions allow. Blueitt says that defendants Belt and Williams allowed Blueitt to work in the laundry room despite his medical restrictions. Blueitt says that he may not be around temperature extremes and that he experienced dizzy spells because of the heat in the laundry room. Blueitt also says that defendant Ruby prescribed medication that harmed him and that defendant Jones denied him medical care.

Defendant Belt moves to dismiss the complaint because Blueitt does not support his claims for relief against him. Blueitt must offer facts showing that the defendants were aware of facts that could infer a substantial risk of serious harm and actually infer that risk. Each defendant must have been personally involved in the deliberate indifference. The defendants also must have known that Blueitt's work assignment or medical care would aggravate Blueitt's injuries. Mere disagreement with his work assignment does not support a claim of deliberate indifference without also showing that the work assignment aggravated his medical condition. Disagreement with medical care offered or negligent care also does not support a claim for deliberate

1

indifference.

Blueitt does not allege that defendants Belt or Williams assigned him to work in the laundry room themselves. Blueitt does not say defendants Belt or Williams had authority to change his work assignment or that their role was more than supervisory in nature or to review his grievance. Blueitt only says that they knew that he worked there, that they did not change his work assignment, and that his Step 1 grievance was misconstrued. Blueitt does not allege that the dizzy spells he experienced exasperated his shoulder pain, fractured right ankle, high blood pressure, or kidney pain. Blueitt also admits that he was offered respite time when he became dizzy and his grievance records show that other accommodations to his work assignment were offered. Blueitt does not support a claim against these defendants.

Blueitt says that defendant Ruby prescribed him blood pressure medication that had side effects. Blueitt says that he suffered joint, chest, and stomach pain, tiredness, dizziness, depression, weight gain, sore throat, shortness of breath, and constipation because of the medication. Blueitt admits that defendant Ruby examined him for his shoulder and ankle pain, and for his kidney issues. Blueitt says that defendant Ruby gave him medical attention, x-rayed him, and prescribed him medication for his injuries. Blueitt also says that defendant Jones refused medical treatment. Blueitt's own admissions and grievance records do not support his allegations. Blueitt does not support a claim against these defendants.

Belt's motion is granted. (18) Blueitt's complaint is dismissed with prejudice.

Signed at Houston, Texas, on _____ March 19 _____, 2020.

Lynn N. Hughes
United States District Judge

2